IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LUIS EDUARDO TERMINEL JR.,** | § | |
|     **Petitioner,** | § | |
| | § | |
| v. | § | Cause No. EP-24-CV-372-KC |
| | § | |
| **WARDEN FCI La Tuna-Camp,** | § | |
|     **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Luis Eduardo Terminel Jr., federal prisoner number 43246-509, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed petition is denied for the following reasons.

## BACKGROUND

Terminel pleaded guilty pursuant to a plea agreement to Count One of a 15-Count Indictment charging him with conspiracy to export firearms, in violation of 18 U.S.C. § 371 and 554(a). *See United States v. Terminel*, 4:21-CR-880-JAS (D. Az.), J. Crim. Case, ECF No. 163. He was sentenced to 33 months' imprisonment. At the time he filed his habeas petition, he was housed at the La Tuna Federal Correctional Institution in Anthony, Texas. Pet'r's Pet., ECF No. 1 at 1. He was transferred to a residential reentry center operated by Dismas Charities in Tucson, Arizona, on January 22, 2025. Gov't's Resp., Ex. 2, Decl. of Bertha Tovar, ECF No. 10-3 at ¶ 13. He was released from the Bureau of Prisons' (BOPs) custody on March 19, 2025. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 43246-509, last visited April 29, 2025).

In his § 2241 petition, Terminel challenges the execution of his sentence through four claims. Pet'r's Pet., ECF No. 1. First, he asserts the BOP has ignored the First Step Act (FSA) and denied him unlimited time in a residential reentry center or home confinement. *Id.* at 7. Second, he

claims he is forced to live in a BOP facility with an inadequate water supply and excessive heat. *Id.* Third, he complains he is subjected to cruel and unusual punishment because the BOP has denied him the maximum amount of time in a residential reentry center or home confinement pursuant to 18 U.S.C. § 3624(c). *Id.* Finally, he maintains the BOP has denied him his civil rights. *Id.* at 8. He asks the Court to intervene on his behalf and order the Respondent to immediately place him in a residential reentry facility or home confinement. *Id.*

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Terminel challenges the execution of his sentence by asserting the BOP has ignored the FSA and denied him unlimited time in a residential reentry center (RRC) or home confinement (HC). Pet'r's Pet., ECF No. 1 at 7. He asks the Court to "[o]rder Respondents to [comply] with Congressional Design in FSA and place Petitioner in RRC/ HC custody, to cease ongoing Civil Rights violations." *Id.* at 8.

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citations omitted). "An actual controversy must be extant at all stages of review, not merely at the time the

2

complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citations and internal quotation marks omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (citation and internal quotation marks omitted).

Because Terminel has already been released by the BOP, the Court cannot grant him the relief that he seeks and he cannot meet his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). His § 2241 petition challenging the execution of his sentence under § 2241 is therefore moot. *Cf. Hernon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (petitioner's release mooted her § 2241 petition because she "had already received the sole relief sought in her petition: release from confinement").

Terminel also complains that he has been (1) forced to live in a BOP facility with an inadequate water supply and excessive heat, (2) subjected to cruel and unusual punishment because the BOP has refused to grant him the maximum amount of time permissible in a residential reentry center or home confinement, and (3) denied his civil rights. Pet'r's Pet., ECF No. 1 at 7, 8.

Habeas exists solely to "grant relief from *unlawful imprisonment* or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (emphasis added). A civil rights suit, rather than a § 2241 petition, is the proper vehicle for challenging the conditions of confinement. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)

("We have noted that a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit … is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."). Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820–21). Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). "If a favorable determination ... would not automatically entitle [the prisoner] to accelerated release ... the proper vehicle is a [civil rights] suit." *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). Thus, courts have dismissed § 2241 petitions challenging conditions of confinement for lack of subject matter jurisdiction. *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020) (per curiam) (affirming dismissal of § 2241 petition challenging conditions of confinement for lack of jurisdiction).

In his complaints about the inadequacy of the water supply, excessive heat, cruel and unusual punishment, and violations of his civil rights, Terminel attacks his conditions of confinement independently of any question related to the fact or duration of his detention. He accordingly cannot meet his burden of proving he is in custody in violation of the Constitution or laws or treaties of the United States and he is not entitled to habeas relief on these claims.

## CONCLUSIONS AND ORDERS

The Court concludes that Terminel's release from custody mooted his § 2241 petition because he can no longer show he "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The Court further concludes that Terminel's claims

alleging violations of his civil rights are not cognizable in a habeas review. Accordingly, the Court also concludes that it lacks the subject matter jurisdiction under § 2241 required to determine the validity of his civil rights claims. The Court therefore enters the following orders:

**IT IS ORDERED** that Petitioner Luis Eduardo Terminel Jr.'s "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 30th day of April, 2025.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**